IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE L. ORTIZ,

    Plaintiff,

v.                                                Civ. No. 22-309 GBW

KILOLO KIJAKAZI, *Acting
Commissioner of the Social Security
Administration*,

    Defendant.

## ORDER GRANTING REMAND

This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Agency ("SSA") decision to deny Plaintiff Social Security Disability Insurance benefits ("SSDI") and Supplemental Security Income ("SSI"). *Doc. 22*. For the reasons explained below, the Court GRANTS Plaintiff's motion and REMANDS this case to the Commissioner for further proceedings consistent with this opinion.

**I.**    **PROCEDURAL HISTORY**

Plaintiff filed an application for SSDI and SSI on August 9, 2019, alleging disability beginning May 14, 2019. Administrative Record ("AR") at 206, 210. Plaintiff's application was denied on initial review on October 10, 2019, AR at 65-66, and again on reconsideration on October 26, 2020, AR at 83-84. On May 25, 2021, a hearing was held by an Administrative Law Judge ("ALJ"). AR at 31-64. The ALJ issued an unfavorable

decision on June 30, 2021. *See* AR at 11, 20. Plaintiff sought review from the Appeals Council, which denied review on February 25, 2022, AR at 1, making the ALJ's denial the Commissioner's final decision, *see* 20 C.F.R. §§ 404.981.[1]

On April 25, 2022, Plaintiff filed suit in this Court, seeking review and reversal of the ALJ's decision. *See doc. 1.* On November 14, 2022, Plaintiff filed his Motion to Reverse and Remand for Rehearing, With Supporting Memorandum. *See doc. 22.* The Commissioner responded on January 12, 2023. *See doc. 24.* Briefing on Plaintiff's Motion was complete on January 27, 2023, *see doc. 26*, with the filing of Plaintiff's reply, *see doc. 25*.

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800–01 (10th Cir. 1991). "In reviewing the ALJ's decision, [the Court] neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency."

---

[1] Plaintiff has applied for both SSDI and SSI. *See* AR at 206, 210. The five-step test for determining disability and other relevant regulations is the same for both benefits but is codified in two separate parts of the Code of Federal Regulations. *See* 20 C.F.R §§ 404.1520, 416.920. Part 404 of Title 20 of the Code of Federal Regulations governs SSDI, while Part 416 governs SSI. In the interests of efficiency and judicial economy, the Court only cites to applicable regulations in Part 404 of Title 20 of the Code of Federal Regulations in this Order, but the analogous regulations in Part 416 also apply.

*Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted).

"Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.2d at 800 (internal quotation marks omitted).  "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence."  *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996).  "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."  *Id.* at 1010.  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Indeed, the substantial evidence standard is met unless the evidence on which the ALJ relied is "overwhelmed by other evidence in the record or constitutes mere conclusion."  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quoting *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992)).

### III.     ALJ EVALUATION

#### A. Legal Standard

For purposes of Social Security Disability Insurance benefits, an individual is disabled when he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). To determine whether a person satisfies these criteria, the SSA has developed a five-step test. *See* 20 C.F.R. § 404.1520. If the Commissioner finds an individual to be disabled at any step, the next step is not taken. *Id.* § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) his impairments meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." *Id.* § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's residual functional capacity ("RFC") in light of "all of the relevant medical and other evidence." 20 C.F.R.

§ 404.1545(a)(3).  A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations."  *Id.* § 404.1545(a)(1).  Second, the ALJ determines the physical and mental demands of the claimant's past work.  "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'"  *Winfrey*, 92 F.3d at 1024 (quoting Social Security Ruling (SSR) 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982)).  Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands.  *Id.* at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process.  At step five, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

### B.  The ALJ's Decision

On June 30, 2021, the ALJ issued a decision denying Plaintiff's application for SSDI and SSI benefits.  *See* AR at 20.  In denying Plaintiff's application, the ALJ applied the five-step sequential analysis.  At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since May 14, 2019, the alleged onset date."  AR at 12.  At step two, he found that Plaintiff has the following severe impairments:

"essential hypertension, vascular insult to the brain, diabetes mellitus, neurocognitive disorder, obesity, depression, and post-traumatic stress disorder." AR at 13. He also noted that Plaintiff has another medically determinable impairment, high cholesterol, but the ALJ found this impairment to be non-severe. *Id.* At step three, the ALJ found that Plaintiff's severe impairments—both individually and in combination—did not meet or equal the severity of an impairment in the Listings. AR at 13-14.

At step four, the ALJ found that Plaintiff has the RFC to perform work with a light exertional capacity, subject to several physical and mental limitations. AR at 15. With respect to physical limitations, the ALJ found that Plaintiff can lift twenty pounds occasionally and ten pounds frequently, can stand, walk, or sit for six hours in an eight-hour workday, can occasionally climb ramps or stairs, and can occasionally stoop, kneel, crouch or crawl. *Id.* The ALJ determined that Plaintiff can never climb ladders, ropes, or scaffolds. *Id.* The ALJ did not make any findings in the RFC about Plaintiff's ability to use his upper extremities. *Id.*

In making these findings, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, but that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and the other evidence in the record. AR at 16.

IV.    **PARTY ARGUMENTS**

Among other arguments, Plaintiff asserts that the ALJ's decision should be remanded because the ALJ improperly evaluated Plaintiff's post-stroke symptoms, *doc. 22* at 19-21, and because the ALJ failed to include limitations in the RFC related to Plaintiffs' hand despite Plaintiff's testimony that he experienced difficulties using his left hand after his second stroke, *id.* at 18. Defendant counters that the ALJ's decision not to include limitations in the RFC related to Plaintiff's use of his hands was supported by substantial evidence from the record. *Doc. 24* at 21. The Court finds that the ALJ failed to make any specific findings related to Plaintiff's hand-related symptoms. Because this error constitutes sufficient grounds for remand, the Court declines to address Plaintiff's other claims of error.

V.    **ANALYSIS**

An ALJ evaluates a claimant's reported symptoms as part of the process for determining the claimant's RFC. 20 C.F.R. §§ 404.1545(a)(3), 404.1529(a). SSA regulations prescribe a two-step process for evaluating a claimant's statements about their symptoms. Step one asks "whether there is an underlying medically determinable physical . . . impairment(s) that could reasonably be expected to produce [the] individual's symptoms." SSR 16-3P, 2017 WL 5180304, at *3 (Oct. 25, 2017); *see* 20 C.F.R. § 404.1529(b). If such an impairment is established at step one, step two requires the

ALJ to "evaluate the intensity and persistence of [those] symptoms" to determine the extent to which the symptoms limit an individual's "capacity for work." 20 C.F.R. § 404.1529(c)(1). In making the step two assessment, the agency "consider[s] all of the available evidence from [the individual's] medical sources and nonmedical sources about how [his or her] symptoms affect [him or her]," including medical opinions, objective medical evidence, and "any other information [the individual] may submit about [his or her] symptoms." *Id.* § 404.1529(c)(1)-(3).

During the step two assessment, the ALJ will first assess whether the "individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings." SSR 16-3P, 2017 WL 5180304, at *5. If the ALJ finds that the individual's symptom statements are not "substantiate[d]" by the objective medical evidence, the ALJ may not "disregard" the individual's statements but must instead "carefully consider other evidence in the record in reaching a conclusion about the intensity, persistence, and limiting effects of an individual's symptoms." *Id.* at *5-6.

The ALJ's evaluation of an individual's symptoms must avoid "conclusory" findings, and it must include "specific reasons for the weight given to the individual's symptoms." *Id.* at *10. Although the ALJ does not need to complete a "formalistic factor-by-factor recitation of the evidence," *see Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th

8

Cir. 2000), his findings "should be closely and affirmatively linked to substantial evidence," *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995), and his reasoning must be "clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms," SSR 16-3P, 2017 WL 5180304, at *10.

During his hearing before the ALJ, Plaintiff testified about experiencing a variety of symptoms related to his history of stroke and other conditions. *See* AR at 33-64. In relevant part, Plaintiff testified that after his second stroke his left hand is weak and that he is unable to squeeze it well, use it to button his clothes, or pick up change with it. AR at 56-57.

In his opinion, the ALJ noted that Plaintiff reported symptoms including his "ongoing pain in his left leg," "difficulty performing postural activities," "fatigue and dizziness," and "difficulty getting along with others and memory, concentration and comprehension problems," but the ALJ did not mention any of Plaintiff's testimony about his hand problems. AR at 16. After describing Plaintiff's symptoms and finding that a medically determinable impairment could reasonably be expected to cause the symptoms, the ALJ found that "Claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence." *Id.* The ALJ then provided an analysis of why Plaintiff's above-mentioned symptoms were not supported by the medical evidence

9

including that the medical evidence showed "stable findings" for Plaintiff's cardiovascular, musculoskeletal, and neurological health as well as improvement in Plaintiff's ability to use his left leg. *Id.* The ALJ neglected to provide any analysis of Plaintiff's hand symptoms in his discussion of Plaintiff's subjective symptom allegations or elsewhere in his RFC discussion. AR at 15-18. The ALJ also did not include any limitations on the Plaintiff's use of his left hand in the RFC. *Id.* at 15.

The ALJ's omission of any discussion of Plaintiff's reported hand symptoms was legal error because the ALJ failed to provide any "specific reasons for the weight" he assigned to Plaintiff's hand symptoms when he formulated the RFC. SSR 16-3P, 2017 WL 5180304, at *10; *see also Laughlin v. Comm'r of the Soc. Sec. Admin.*, Case No. CIV-19-420-JFH-KEW, 2021 WL 1133599, at *4 (E.D. Okla. Mar. 9, 2021). As a result, the Court has no way of "assess[ing] how the [ALJ] evaluated" Plaintiff's hand symptoms. SSR 16-3P, 2017 WL 5180304, at *10.

In her response, Defendant argues that there is substantial evidence to support the ALJ's finding that the RFC should not include any limitations related to Defendant's use of his left hand. *Doc. 24* at 21. In particular, Defendant argues that one of the medical professionals who examined Plaintiff noted that Plaintiff was "capable of a range of light work with no manipulative limitations." *Id.* (citing AR at 641). Although the ALJ discussed this medical evidence in his opinion, *see* AR at 18 (citing AR at 641-

42), he never provided an "affirmative[] link" between this medical evidence and a finding that Plaintiff's reported hand symptoms were not sufficiently severe to warrant a limitation in the RFC. *Kepler*, 68 F.3d at 391.

The ALJ's failure to discuss Plaintiff's reported hand symptoms is not a harmless error because a different adjudicator who applied the correct legal standard could have reasonably found that Plaintiff's RFC should have included additional limitations regarding Plaintiff's use of his hands. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Additional limitations in the RFC would, in turn, affect the number and type of jobs that Plaintiff was able to perform. As the vocational expert testified during the hearing, if Plaintiff were found to have "only occasional ability to use [his] hands," Plaintiff would not be able to perform either of the representative occupations given in the ALJ's opinion. AR at 61. If the ALJ was unable to identify any other representative occupations that Plaintiff could perform, the ALJ would have made a finding of disability. 20 C.F.R. § 404.1520(g)(1)

## VI. CONCLUSION

For the foregoing reasons, the Court finds reversible error in the ALJ's decision. Therefore, the Court GRANTS Plaintiff's Motion to Reverse and Remand (*doc. 22*) and REMANDS the case to the Commissioner for proceedings consistent with this opinion.

<a>

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**